898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margaret C. McKAY, Plaintiff-Appellee,
v.
PARKER PONTIAC-OLDS, INC., Defendant-Appellant.
 No. 89-2372.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 8, 1990.
Decided: March 5, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-83-1960-O-3)
 Arthur Middleton Parker, Jr., Charleston, S.C., for appellant.
 William Allen Nickles, III, Columbia, S.C., for appellee.
 On Brief: Karl A. Folkens, Florence, S.C., for appellant.
 Cynthia Hall Ouzts, Richard Mark Gergel, Columbia, S.C., J. Allen Lewis, Jr., Florence, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Parker Pontiac-Olds, Inc. appeals the district court's judgment in favor of Margaret C. McKay, the dealership's former parts department manager, on her claims of sexual discrimination in regard to her wages and benefits, demotion, and discharge, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. Finding no error, we affirm.
 
 
 2
 Parker's arguments on appeal are essentially factual. It contends that the district court erred in finding sexual discrimination in regard to McKay's wages and benefits, maintaining that her lower level of compensation relative to male managers was due to her lack of qualifications and her lesser job responsibilities, not her sex. Likewise, Parker argues that McKay was demoted not because of her sex, but because of her poor job performance and the better qualifications of the male employee who replaced her. Parker also contends that the trial court erred in finding retaliatory discharge because the evidence shows that McKay was terminated for disruptive and insubordinate behavior. Finally, Parker challenges the district court's calculation of McKay's damages and its computation of her attorneys' fees. None of these arguments has merit.
 
 
 3
 A trial court's determination of whether discrimination has actually occurred is one of fact that we will not disturb unless clearly erroneous. Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982). Such cannot be said of the district court's findings here.
 
 
 4
 As to McKay's lower compensation, the evidence showed that McKay's salary was substantially lower than three males in similar positions of authority in the dealership and that she was the only manager not provided a company vehicle. Similarly, the court found Parker's asserted legitimate reasons for McKay's demotion pretextual in view of her seniority, prior satisfactory job performance, and familiarity with the position. And, in view of the hostile treatment McKay received after she filed a discrimination charge, the record lends strong support to the trial court's conclusion that her discharge was retaliatory. Likewise, our review of the district court's calculations of damages and award of attorneys' fees shows that both are without error.
 
 
 5
 Therefore, the judgment of the district court is, in all respects, affirmed.
 
 
 6
 AFFIRMED.